## In re Contested Election of A. B. Stevens.

1. In a contested election case, in order to make a county liable for fees and costs, there must have been an election held at a time and place authorized by law, a contest between opposing claimants, and a decision by the court that the contest was founded on probable cause.

2. Where the court below refuses an order to pay costs or fees in such a contest, the proper writ upon which to bring the subject to this court for review is a certiorari and not a writ of error.

April 1st 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Quarter Sessions of *Lackawanna county:* Of January Term 1880, No. 333.

On the 4th of December 1878, a petition was presented to the Court of Quarter Sessions, to institute proceedings to contest the election of A. B. Stevens, who claimed to have been elected to the office of sheriff of Lackawanna county, on the 4th of November 1878. The petition was adjudged sufficient and permitted to be filed. On the 20th of January 1879, A. B. Stevens, the respondent, filed an answer to the petition, and upon the same day J. B. Collings and H. A. Knapp were appointed to take testimony in the case. On the 10th of April 1879, the examiners reported and filed the testimony in the case. On the same day counsel for the petitioners, upon application to the court, obtained a rule to show cause why the county of Lackawanna should not pay the costs of the contest.

In the meantime, on the 31st of March 1879, the Supreme Court had decided, on an appeal in a contest which arose from the same election, that the election for county officers at said election

[In re contested election of A. B. Stevens.]

was without authority of law and void. (See Walsh *v.* Commonwealth ex rel. Evans, 8 Norris 419.)

On the 12th of July 1879, the court, Handley, P. J., delivered an opinion, inter alia, saying:

"If we should hold there was probable cause for this contest, and direct the county to pay the costs, then under the 9th section of the Act of 1874, each witness is entitled to his per diem pay and mileage. If the sheriff or constable served the subpœnas, they also are entitled to the fees allowed for like services. Now, it is well known that before there can be a contest, there must be a legal election for a public office then vacant, or to become vacant, according to law, and the election must be held at the time, and in the manner pointed out by the Constitution and laws of the land to fill such office in such manner. It is true, an election was held for the office of sheriff of Lackawanna county at the time pointed out for holding the general election in this state. But it is not true there was any such office vacant at the time, nor was there any necessity for such an election at the time named. See Walsh *v.* Commonwealth, 8 Norris 419. Hence, these parties were never legally in court, and the whole proceedings growing out of this contest were *coram non judice.* No costs can, therefore, be collected in this case, and we have no power to direct the county to pay costs thus made, nor to say that there was probable cause for this contest. We must, therefore, refuse to allow or order the county to pay the fees of these two excellent gentlemen who performed their duties so well."

The examiners took this writ, and alleged that the court erred in discharging the rule, and in not deciding that the contest was with probable cause.

*I. H. Burns,* for plaintiffs in error.—Carried to its logical conclusion, the rule laid down by the court in this case would compel every auditor, master and commissioner, as well as other court officers, to know that the court had jurisdiction and the proceedings were regular, under penalty of forfeiting all claim for compensation. In this case the examiners did a large amount of work, thereby saving much of the valuable time of the court, and relieving the county of considerable expense that would have accrued had the evidence been taken in court. It is admitted that the bill is reasonable, and that the work was well done. The court not having certified that the contest was without probable cause, the liability of the county is fixed without any action of the court. They should have promptly ordered the county to pay the bill, as provided by Act of May 15th 1874.

*Lemuel Amerman,* for defendant in error.—There being no election there could be no contest: Act 19th May 1874, Purd.

[In re contested election of A. B. Stevens.]

Dig. 1867, pl. 46; Walsh *v.* Commonwealth ex rel. Evans, 8 Norris 419.   The court could acquire no jurisdiction by assuming it: Kempe *v.* Kennedy, 5 Cranch 173; Camp *v.* Wood, 10 Watts 118.   The court having no jurisdiction in the case could make no order for costs: Maxfield's Lessee *v.* Levy, 4 Dal. 330; Inglee *v.* Coolidge, 2 Wheat. 363; McIver et al. *v.* Wattles, 9 Id. 650; Williams *v.* Blunt, 2 Mass. 207; Hornthall *v.* The Collector, 9 Wall. 560; Commonwealth *v.* Huntingdon, 3 Rawle 487.

Mr. Justice MERCUR delivered the opinion of the court, May 17th 1880.

This case is brought before us to review the action of the court in refusing to certify that there was probable cause for contesting an election, purporting to have been held at a time when no valid election could be held: Walsh *v.* Commonwealth ex rel. Evans, 8 Norris 419, and in its further refusing to order the county to pay the fees of the commissioners for services rendered in taking evidence in the alleged contest.

It may be conceded that the commissioners have a meritorious claim, and that they in serving, and the court in appointing them, acted under what they supposed to be an undoubted right.   In the present aspect of the case, the question is one of power.   Unless the statute makes the county liable for the fees and costs, the court cannot impose them on it.   To make it liable, two things must concur, there must have been an election held at a time and place authorized by law, and the question be between opposing claimants.   Even then if the judge shall decide that the complaint is without probable cause, the county is not liable to pay the costs and fees of the contest.

As this pretended election was without any authority of law, it has none of the legal incidents of a valid election.   There was no election, and therefore was no legal contest.   The complaint was, in law, without any probable cause.   The county is not liable for any of the costs and fees of the commissioners in the proceeding. The learned judge was correct in refusing to impose them on the county.

This case should have been certiorari instead of error.   We now order it to be so changed, and

Judgment affirmed.